UNITED STATED BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN RE:                              )
                                    )
BRIAN P. UNDERWOOD                  )          CASE NO. 13-11506
SS# xxx-xx-4966                     )          CHAPTER 13
                                    )
DEBTOR(S)                           )

## CHAPTER 13 PLAN

    1. The future earnings of the debtor are submitted to the supervision and control of the Trustee and the debtor shall pay to the Trustee the sum of $1,400.00 monthly for 60 months. In addition, the debtor will retain all combined State and Federal tax refunds and bonuses as this proposed plan pays allowed creditors in full.

    2. From the payments so received, the Trustee shall make disbursements as follows:

    (a) The Trustee will pay debtor's attorney $4,000.00 as an administrative expense. Any fees and expenses in excess of the above amount will be itemized for Court approval after notice to all creditors.

    (b) All allowed claims entitled to priority under 11 U.S.C. Section 507 will be paid in full. The Chapter 13 Trustee will be paid by statute.

    (c) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

### GENERAL PROVISIONS

1. Duty of Mortgage Servicer to file Notice of Payment Change due to escrow analysis: The Mortgage Servicer shall perform an annual escrow analysis and shall file a yearly Notice of Payment Change with a copy of the escrow analysis showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.
2. Duty of Mortgage Servicer to file Notice of Payment Change due to interest and ARM changes: The Mortgage Servicer shall timely file a Notice of Payment Change that contains the calculation of the new

   payment, the new interest rate and the date of the payment change. Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.
3. Duty of Mortgage Servicer to file Notice of Protective Advances: The Mortgage Servicer shall timely file a Notice with the Court if the servicer advances funds under the terms of the mortgage as a protective advance e.g. forced placed insurance or advance of taxes due to non payment.
4. Duty of Mortgage Servicer to file Notice of Post Petition Fees and Costs Assessed pursuant to the Mortgage. The Mortgage Servicer shall file yearly a Notice of all Post-Petition fees, costs of collection and all other contract charges assessed under the mortgage document, including attorney's fees. Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorneys' fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case shall be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, may be waived upon completion of this Plan. Notwithstanding the foregoing, no separate written notice shall be required to be sent by the Mortgage Holder for those fees, costs, charges and expenses that are awarded or approved by the Bankruptcy Court order or by Debtor's written agreement.

Wells Fargo, the holder of a first mortgage on the residential real estate of the debtor, will be paid arrearages at 0% annual interest and current monthly mortgage payments by the Trustee.

Wells Fargo Bank NA, the holder of a second mortgage on the residential real estate of the debtor, will have their lien cancelled upon discharge as it has no value. Upon discharge, this lien will be completely stripped away by 11 U.S.C. § 506(a), voided by 11 U.S.C. § 506(d) and pursuant to 11 U.S.C. § 1327(c), the debtors' property shall be free and clear of said pre-petition lien.

The allowed secured claim of the Allen County Treasurer for pre-petition real property taxes shall be paid in full, and the Allen County Treasurer shall retain the lien on the debtor's real estate securing such tax claim. Delinquent pre-petition taxes, as set forth on the proof of claim by the Allen County Treasurer, shall be paid by the Chapter 13 Trustee. Current pre-petition taxes shall be paid directly by the debtor, or from escrow by the debtor's mortgage company. However, if any such current taxes are not paid by the deadline for doing so, the Allen County Treasurer may provide written notice to the Chapter 13 Trustee and such taxes shall be paid by the Chapter 13 Trustee and the debtor shall be required to pay to the Chapter 13 Trustee an additional sum equal to the amount of such taxes.

HSBC Suzuki Finance, the holder of a security interest in 2008 and 2005 Suzuki motorcycles of the debtor, will be paid $2,000.00 for the value of their collateral, receive

4% annual interest thereon until paid said amount and any deficiency will be treated as unsecured.

      (d)  subsequent to dividends to unsecured creditors whose claims are duly allowed as follows:

    All allowed unsecured creditors will be paid in full.

3.  The following executory contracts of the debtor are accepted:

    N/A

Dated: 5-30-13

Fred Wehrwein, Attorney for Debtor
1910 St. Joe Center Road #52
Fort Wayne, IN  46825
260-480-5700